IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | 8:05CR81 |
| Plaintiff,    ) | |
| ) | |
| v.    ) | |
| ) | MEMORANDUM AND ORDER |
| WAYNE EVAN KOOISTRA,    ) | |
| ) | |
| Defendant.    ) | |
| ) | |

    This matter is before the court on defendant's objection, Filing No. 51, to the report and recommendation of the magistrate, Filing No. 50. The magistrate recommended that the motion to dismiss, Filing No. 35, should be denied. Defendant is charged in the indictment with bank fraud (Count I) and false statements (Counts II, III, and VI), in violation of 18 U.S.C. §§ 1344 and 1014. Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report or recommendation to which the parties object. Accordingly, the court has reviewed the record, exhibits and briefs, including the transcript of the hearing, and the relevant case law. The court concludes that the defendant's objections should be overruled and that the report and recommendation of the magistrate should be adopted.

    Defendant moves this court to dismiss his case on the basis of pre-indictment delay in violation of his Fifth Amendment due process rights. During the hearing before the magistrate, an attorney from Baird, Holm testified that Federal Credit Services of America (FCSA) learned that defendant was involved with a check-kiting scheme. FCSA filed a civil suit against American State Bank (ASB) in November 2001. The court ultimately dismissed that lawsuit. A second lawsuit was filed against Kooistra in 2002. During that

lawsuit, Kooistra, the defendant in this case, testified by deposition and evidently made incriminating statements.

The FBI received notification of the check-kiting scheme at least by October 2001. However, at that time the FBI had allocated its resources to terrorism issues. Baird, Holm counsel testified that to the best of his knowledge no member of the firm had discussed this case with the FBI or the United States Attorney's office prior to the criminal charges in this case. In the summer of 2003, the FBI began to investigate the check-kiting scheme. The grand jury returned an indictment against the defendant on February 24, 2005.

The defendant moves to dismiss the indictment arguing that the government knew back in 2001 of this alleged check-kiting scheme and chose not to act until 2005. Pre-indictment delay may cause a criminal case to be dismissed if "the delay is unreasonable and the defendant is actually and substantially prejudiced in the presentation of [his] case." *United States v. Brockman*, 183 F.3d 891, 895 (8th Cir. 1999). The burden is on the defendant to show substantial prejudice. *Id.* It appears that defendant is arguing that he should have been indicted prior to giving his deposition in the civil case. He argues that had he known of a future indictment, he would have taken the Fifth Amendment during the deposition. The court finds this argument to be meritless. Counsel represented the defendant during the deposition, and the Fifth Amendment could have been asserted at any time. The defendant chose not do so, in spite of the fact that he knew the civil allegations involved check-kiting. The statute of limitations did not run on this alleged crime until ten years after the charged offense. That time period had not expired at the time the government filed the indictment. Additionally, there has been no showing of bad faith or collusion on the part of the FBI or the United States Attorney's office. Accordingly,

the court finds the defendant has not met his burden and consequently concludes that the magistrate's report and recommendation shall be adopted in its entirety.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to dismiss, Filing No. 35, is denied.

2. Defendant's objections, Filing No. 51, to the magistrate's report and recommendation are overruled and denied.

3. The report and recommendation of the magistrate, Filing No. 50, is adopted in its entirety.

DATED this 7th day of July, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge